UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHY REILLY and<br>KMR LIFESTYLE SERVICES, LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>MAURY ROGOFF and<br>MAURY ROGOFF PR & MARKETING,<br><br>    Defendants. | Case No.: 12-cv-7200 (HB/JLC) |

## ANSWER

Defendants Maury Rogoff ("Rogoff") and Maury Rogoff PR & Marketing ("MRPRM") (together "Defendants") hereby answer the numbered paragraphs of the Complaint filed by plaintiffs Kathy Reilly ("Reilly") and KMR Lifestyle Services, LLC ("Lifestyle") (together "Plaintiffs") as follows:

## THE PARTIES

1. Defendants lack sufficient information to admit or deny the allegations of paragraph 1.

2. Defendants lack sufficient information to admit or deny the allegations of paragraph 2.

3. Defendants deny that Rogoff is a "marketing and lifestyle agent." Defendants admit the remaining allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

## JURISDICTION AND VENUE

5. Paragraph 5 states a legal conclusion to which no answer is required.

6. Paragraph 6 states a legal conclusion that does not require a response. To the extent any response is required, Defendants deny the allegations and that the Complaint states a valid claim under the Lanham Act, 15 U.S.C. § 1051, et seq.

7. Paragraph 7 states a legal conclusion that does not require a response. To the extent any response is required, Defendants deny the allegations.

8. Defendants admit that MRPRM has an office located at 59 East 54th Street, Suite 64, New York, New York 10022. The remaining allegations of Paragraph 8 state a legal conclusion that does not require a response. To the extent any response is required, Defendants deny the allegations.

9. Paragraph 9 states a legal conclusion that does not require a response. To the extent any response is required, Defendants deny the allegations.

## FACTUAL ALLEGATIONS

10. Defendants lack sufficient information to admit or deny the allegations of paragraph 10.

11. Defendants lack sufficient information to admit or deny the allegations of paragraph 11.

12. Defendants lack sufficient information to admit or deny the allegations of paragraph 12.

13. Defendants lack sufficient information to admit or deny the allegations of paragraph 13.

14. Defendants lack sufficient information to admit or deny the allegations of

paragraph 14.

15. Defendants lack sufficient information to admit or deny the allegations of paragraph 15.

16. Defendants lack sufficient information to admit or deny the allegations of paragraph 16.

17. Defendants lack sufficient information to admit or deny the allegations of paragraph 17.

18. Defendants lack sufficient information to admit or deny the allegations of paragraph 18.

19. Defendants lack sufficient information to admit or deny the allegations of paragraph 19.

20. Defendants lack sufficient information to admit or deny the allegations of paragraph 20.

21. Defendants lack sufficient information to admit or deny the allegations of paragraph 21.

22. Defendants lack sufficient information to admit or deny the allegations of paragraph 22.

23. Defendants lack sufficient information to admit or deny the allegations of paragraph 23.

24. To the extent Plaintiffs attempt to characterize the contents of the webpage for MRPRM, Defendants respond that the webpage speaks for itself.  To the extent any response is required, Defendants deny the remaining allegations of paragraph 24.

25. Defendants admit that Reilly sent a copy of a proposal for the Influencer Program on July 3, 2012 but lack sufficient information to admit or deny the allegations that the proposal had been submitted to and approved by Ferrari. To the extent Plaintiffs attempt to characterize the contents of the proposal, Defendants state that the proposal speaks for itself. Defendants deny the remaining allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants lack sufficient information to admit or deny the allegations in paragraph 27 regarding the contents of the "Rogoff Email." To the extent any response is required, Defendants deny the allegations of Paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants admit that they had no business relationship with Plaintiffs or Ferrari. Defendants deny the remaining allegations of paragraph 29.

30. Defendants admit that Binn is an influential and widely connected publisher in the New York area but lack sufficient information to admit or deny the allegations in paragraph 30 regarding the contents of the "Rogoff Email" or whether Binn drives a car. To the extent any response is required, Defendants deny the remaining allegations of Paragraph 30.

31. Defendants lack sufficient information to admit or deny the allegations of paragraph 31.

32. Defendants lack sufficient information to admit or deny the allegations of paragraph 32.

33. Defendants lack sufficient information to admit or deny the allegations of paragraph 33.

34. Defendants lack sufficient information to admit or deny the allegations of

paragraph 34.

35. Defendants lack sufficient information to admit or deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants admit that Reilly called Rogoff on or about July 4, 2012. Defendants deny the remaining allegations in paragraph 39.

40. Defendants admit Rogoff sent an email to Reilly on or about July 4, 2012 and respond that the contents of the email speaks for itself. To the extent any response is required, Defendants deny the remaining allegations of Paragraph 40.

41. Defendants admit that Rogoff subsequently sent a handwritten note to Reilly and respond that the contents of the writing speaks for itself. To the extent any response is required, Defendants deny the remaining allegations of Paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants admit that they received a letter dated July 16, 2012 from a law firm purporting to represent Plaintiffs and respond that the contents of that letter speaks for itself. To the extent any response is required, Defendants deny the remaining allegations of Paragraph 43.

## ANSWERING THE FIRST CAUSE OF ACTION
(False Advertising Under the Lanham Act)

44. Defendants incorporate by reference their answers to paragraphs 1-43.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

55. The allegations of Paragraph 55 are demands improperly included in Plaintiffs' Complaint.  To the extent a response is required, Defendants deny the allegations or that Plaintiffs have any legal basis to seek any relief, recovery or damages.

## SECOND CAUSE OF ACTION
**(Deceptive Acts and Practices Under N.Y. Gen. Bus. Law §349(a))**

56. Defendants incorporate by reference their answers to paragraphs 1-55.

57. Defendants deny the allegations of paragraph 57.

58. Defendants admit they did not have any connection to Ferrari.  Defendants deny the remaining allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

### THIRD CAUSE OF ACTION
(Unfair Competition)

64. Defendants incorporate by reference their answers to paragraphs 1-63.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

70. Defendants deny the allegations of paragraph 70.

71. Defendants deny the allegations of paragraph 71.

72. Defendants deny the allegations of paragraph 72.

73. Defendants deny the allegations of paragraph 73.

### FOURTH CAUSE OF ACTION
(Tortious Interference with Business Relations)

74. Defendants incorporate by reference their answers to paragraphs 1-73.

75. Defendants deny the allegations of paragraph 75.

76. Defendants deny the allegations of paragraph 76.

77. Defendants deny the allegations of paragraph 77.

78. Defendants deny the allegations of paragraph 78.

79. Defendants deny the allegations of paragraph 79.

80. Defendants deny the allegations of paragraph 80.

## FIFTH CAUSE OF ACTION
### (Tortious Interference with a Prospective Business Advantage)

81. Defendants incorporate by reference their answers to paragraphs 1-80.

82. Defendants deny the allegations of paragraph 82.

83. Defendants deny the allegations of paragraph 83.

84. Defendants deny the allegations of paragraph 84.

85. Defendants lack sufficient information to admit or deny the allegations of paragraph 85.

86. Defendants deny the allegations of paragraph 86.

87. Defendants deny the allegations of paragraph 87.

88. Defendants deny the allegations of paragraph 88.

## SIXTH CAUSE OF ACTION
### (Prima Facie Tort)

89. Defendants incorporate by reference their answers to paragraphs 1-88.

90. Defendants deny the allegations of paragraph 90.

91. Defendants deny the allegations of paragraph 91.

92. Defendants deny the allegations of paragraph 92.

93. Defendants deny the allegations of paragraph 93.

94. Defendants deny the allegations of paragraph 94.

## SEVENTH CAUSE OF ACTION
### (Negligence)

95. Defendants incorporate by reference their answers to paragraphs 1-94.

96. Defendants deny the allegations of paragraph 96.

97. Defendants deny the allegations of paragraph 97.

98. Defendants deny the allegations of paragraph 98.

99. Defendants deny the allegations of paragraph 99.

100. Defendants deny the allegations of paragraph 100.

## DEFENSES

### First Defense

The Complaint fails for lack of personal jurisdiction due to insufficient process and/or insufficient service of process.

### Second Defense

The Complaint fails for lack of subject matter jurisdiction.

### Third Defense

The Complaint fails to state a claim upon which relief can be granted.

### Fourth Defense

Plaintiffs lack standing to sue under the Lanham Act, 15 U.S.C. § 1051 *et. seq.* or otherwise.

### Fifth Defense

Plaintiffs' claims fail because Defendants' actions were not taken in the conduct of any business, trade or commerce or in the furnishing of any service.

### Sixth Defense

Plaintiffs' claims fail because Defendants' actions were not directed at consumers.

### Seventh Defense

Plaintiffs' claims fail because Defendants' actions did not have a broad impact on consumers at large.

### Eighth Defense

Plaintiffs' claims fail because Defendants did not act in bad faith.

### Ninth Defense

Plaintiffs' claims fail because Defendants did not compete with Plaintiffs.

### Tenth Defense

Plaintiffs have failed to allege the existence of an enforceable contract between Plaintiffs and Ferrari.

### Eleventh Defense

Plaintiffs' claims fail because Defendants' actions were not knowing, willful, intentional, malicious, committed in conscious disregard of Plaintiffs' rights, or committed with the sole purpose of harming Plaintiffs.

### Twelfth Defense

Plaintiffs' claims fail because Defendants were not aware of any potential business opportunities Plaintiff had with Ferrari other than the Influencer Program.

### Thirteenth Defense

Plaintiffs have failed to plead special damages with particularity.

### Fourteenth Defense

Plaintiffs are barred from recovery by the economic loss doctrine.

### Fifteenth Defense

The claims asserted in the Complaint are barred by the doctrine of contributory negligence.

### Sixteenth Defense

Plaintiffs' claims fail because Defendants' actions were authorized and/or ratified by Plaintiffs.

### Seventeenth Defense

Plaintiffs have failed to plead fraud, misrepresentation or similar conduct with sufficient particularity.

### Eighteenth Defense

Plaintiffs are barred from recovery by the doctrines of laches, waiver, and/or estoppel.

### Nineteenth Defense

Plaintiffs are barred from recovery because they have not suffered any legally cognizable harm.

### Twentieth Defense

Plaintiffs are barred from recovery because Defendants were not the proximate cause of any alleged damages.

### Twenty-First Defense

Plaintiffs are barred from recovery because any damages allegedly sustained were proximately caused by Plaintiffs and/or third parties over whom Defendants have no control and for whose actions Defendants are not responsible.

### Twenty-Second Defense

Plaintiffs are barred from recovery by the doctrine of assumption of the risk.

### Twenty-Third Defense

Plaintiffs are barred from recovery by the doctrine of unclean hands.

### Twenty-Fourth Defense

The damages alleged by Plaintiffs were knowingly and voluntarily caused and/or assumed by them.

### Twenty-Fifth Defense

The claims asserted in the Complaint are barred as against Defendants since any damages sustained by Plaintiffs were caused by superseding events and actions not taken by, or under the control of, Defendants.

### Twenty-Sixth Defense

Plaintiffs have failed to set forth a cognizable cause of action against Rogoff personally.

### Twenty-Seventh Defense

Plaintiffs are barred from recovery by the doctrine of unavoidable consequences.

### Twenty-Eighth Defense

The Complaint fails to join one or more necessary and indispensable parties without whom complete relief cannot be afforded to the parties.

### Twenty-Ninth Defense

The Complaint fails to allege/describe with particularity the claims being made and/or asserted against Defendants to enable them to determine all of the defenses they may have in response to this action.  Therefore, Defendants reserve the right to assert all other defenses, counterclaims and/or affirmative claims for relief in its own right which may be pertinent and/or applicable to the allegations contained in the Complaint, once the precise nature of the Plaintiffs' claims are ascertained through discovery, investigation or otherwise.

WHEREFORE, Defendants pray that this Court enter Judgment for Defendants:

1. dismissing Plaintiffs' Complaint in its entirety, with prejudice, and on the merits and denying all claimed relief, both legal and equitable;

2. awarding Defendants their costs, disbursements and fee, including attorneys' fees, incurred in the defense of this action; and

3. granting to Defendants such further relief as may be just and equitable.

Respectfully submitted,

Dated: November 8, 2012

**HARRIS BEACH PLLC**
*Attorneys for Defendants*

By: / s / Steven A. Stadtmauer
Steven A. Stadtmauer
100 Wall Street
New York, New York 10005
Tel: (212) 687-0100
Fax: (212) 687-0659
Email: sstadtmauer@gmail.com

*Of Counsel:*

David E. Lurie, BBO #542030
Karen E. Friedman, BBO # 548943
Lurie & Krupp, LLP
One McKinley Square
Boston, MA  02109
Tel:  617-367-1970
Fax: 617-367-1971
Email:  dlurie@luriekrupp.com